# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES C. PAYNE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-10-JHP ) |
| STATE OF OKLAHOMA, OKLAHOMA DEPARTMENT OF CORRECTIONS, PITTSBURG COUNTY JAIL, PITTSBURG COUNTY SHERIFF'S DEPARTMENT, GENE ROGERS, KEVIN SMITH, RONNIE YOUNG, JOEL KERNS, and MISSY ELDRIDGE, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The Plaintiff James C. Payne brought suit against, *inter alia,* the Defendants, State of Oklahoma and Oklahoma Department of Corrections ("the State Defendants), alleging violations of 42 U.S.C. § 1983 and his First Amendment rights, as well as violations of the Oklahoma Constitution and the Oklahoma Governmental Tort Claim Act, for three months of incarceration that lasted past his release date. The State Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging the Plaintiff has failed to state a claim for relief. More specifically, the State Defendants argue that the Oklahoma Department of Corrections ("ODOC") is not a person for purposes of § 1983, that the plaintiff has failed to state a state law tort claim, and that the Plaintiff has failed to state a claim under *Bosh v. Cherokee County Building Authority*, 2013 OK 9, 305 P.3d 994. The

Court referred the motion for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), and the undersigned recommends GRANTING the Defendants' State of Oklahoma and Oklahoma Department of Corrections' Motion to Dismiss and Brief in Support [Docket No. 8].

## A. Factual Summary

On September 6, 2012, Plaintiff sued a number of Defendants in the District Court of Pittsburg County, Case No. CJ-2012-233, including almost all of the Defendants in the present case. In that state court Petition, the Plaintiff alleged facts related to his incarceration, specifically that it lasted three months past his release date, and his Petition included claims against the Department of Corrections under the Oklahoma Governmental Tort Claims Act (OGTCA). That case was removed to this Court in Case No. CIV-12-407-JHP, and the State Defendants moved to dismiss for failure to state a claim. The motion to dismiss was stricken to be reurged in light of the *Bosh* decision. The Department of Corrections then renewed its Motion to Dismiss, and the District Court granted it upon a finding that the Department of Corrections was immune from liability for claims brought pursuant to the OGTCA. *See* CIV-12-407-JHP, *Payne v. Department of Corrections*, Docket No. 59. Following dismissal of the Department of Corrections, the remaining parties settled following a settlement conference held on July 12, 2014 before United States Magistrate Judge Steven P. Shreder, the undersigned. Pursuant to the announcement of settlement, Chief District Judge James H. Payne entered an Administrative Closing Order on July 15, 2014, ordering that the claims be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). *See* Case No. CIV-12-407-JHP,

Docket No. 78. The following day, Plaintiff filed an unopposed Motion to Dismiss without prejudice, which the Court granted. *See* Case No. CIV-12-407-JHP, Docket Nos. 79, 80.[1]

The Plaintiff then refiled the present case in state court in Pittsburg County, Case No. CJ-2014-73, alleging nearly identical claims as in the first case but adding an additional claim under *Bosh* against all Defendants. A number of Defendants then removed the case to this Court. As to the State Defendants in the present case, the Plaintiff alleged violations of 42 U.S.C. § 1983, the OGTCA, and *Bosh*. The State Defendants now urge dismissal of the claims against them, and the Court has referred the motion to the undersigned Magistrate Judge. The undersigned Magistrate Judge set this motion for hearing on June 4, 2015, but counsel for the Plaintiff failed to appear for the hearing. After contacting counsel for Plaintiff and being informed that he would not be appearing at the hearing nor presenting any further evidence, the undersigned Magistrate Judge took the pending motion under advisement.[2]

---

[1] *See Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."), *abrogated on other grounds by McGregor v. Gibson*, 248 F.2d 946 (10th Cir. 2001).

[2] In light of Plaintiff's counsel's failure to appear at the designated time and place for the hearing on this motion, the undersigned Magistrate Judge notes that he could be eligible for sanctions, up to and including a recommendation for dismissal of all claims, which would operate as an adjudication on the merits. *See, e. g.*, 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); Fed. R. Civ. P. 11. However, the undersigned Magistrate Judge declines to impose any sanctions at this time and has instead issued the present Report and Recommendation based on the merits.

## B. Analysis

The Defendants argue that: (i) the State of Oklahoma and the Oklahoma Department of Corrections are not persons amenable to suit under 42 U.S.C. § 1983, (ii) the Plaintiff's claims under the OGTCA against the State Defendants are excluded under 51 O.S. § 155(24), and (iii) the Plaintiff has failed to state a claim under *Bosh* against the State Defendants. In his response, Plaintiff clarifies that he is not asserting a claim under § 1983 against the State Defendants, but argues that the State Defendants are not subject to an exemption under the OGTCA, and that he has pleaded sufficient facts under *Bosh*. The undersigned Magistrate Judge will thus take the two remaining arguments in turn. For the reasons set forth below, the undersigned Magistrate Judge finds that the State Defendants' Motion to Dismiss should be granted.

Under the OGTCA, "[t]he state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions." 51 O.S. § 152.1(B). Section 155 contains an exemption from that waiver of immunity for: "Provision, equipping, operation or maintenance of any prison, jail or correctional facility[.]" 51 O.S. § 155(25).[3] Citing *Medina v. State*, 1993 OK 121, ¶ 10 n.13, 871 P.2d 1379, 1384 n.13, this Court has previously found in *Payne v. Department of Corrections of Oklahoma* that "failure to release an inmate is a function subsumed in the operation of a jail or correctional facility, and therefore, DOC is immune from liability for claims

---

[3] The events at issue in this case took place in 2011. This exemption, originally enacted in 1978, has been renumbered within § 155 a number of times since its enactment, most recently in 2012 wherein it was moved to 51 O.S. § 155(25). This most recent renumbering involved no substantive changes to the text of the exemption, however, and the undersigned Magistrate Judge will refer to the most current citation for ease of reference.

brought pursuant to the OGTCA." Case No. CIV-12-407-JHP, 2013 WL 3097172, at *2 (E.D Okla. June 18, 2013). *See also Medina*, 1993 OK 121, ¶ 10 n.13, 871 P.2d at 1384 n.13 ("Reading [the statute] reveals an intent to withhold the waiver of sovereign immunity for any loss or injury, whether to an inmate or other person, resulting from the operational level acts required to furnish the services of a penal institution, including . . . the release of an inmate[.]"). Without acknowledging this Court's prior ruling, or providing new case law, the Plaintiff nevertheless continues to assert that such an interpretation of "operation" of prisons is too broad. However, the undersigned Magistrate Judge agrees with this Court's prior holding that the exemption applies to the release of inmates and finds that this claim against the State Defendants should therefore be dismissed. *See Payne v. Department of Corrections of Oklahoma*, 2013 WL 3097172, at *2 (E.D Okla. June 18, 2013), *citing* 51 O.S. § 155(25) (as amended), *and Medina*, 1993 OK 121, ¶ 10 n.13, 871 P.2d at 1384 n.13. *See also Camren v. State of Oklahoma*, CIV-14-361-GKF-TLW, Docket No. 33, pp. 12-13 (N.D. Okla. June 16, 2015) ("Order") ("Thus, whether pursuant to the § 155(25) exemption for operational acts at a jail or prison or pursuant to the § 155(5) discretionary exemption for discretionary acts, the State and its political subdivisions are immune to Camren's state law tort claims.").

Finally, the State Defendants assert that the Plaintiff has failed to state a claim under *Bosh*. In *Bosh*, the Oklahoma Supreme Court found the Oklahoma Constitution "provides a private cause of action for excessive force, notwithstanding the requirements and limitations of the OGTCA." *Bosh*, 2013 OK 9, ¶ 23, 305 P.3d 994, 1002. Plaintiff asserts that he "clearly has a *Bosh* type claim," because he was held three months beyond

his release date and subjected to physical and verbal abuse during that time. In his state court Petition, the Plaintiff alleges that he "has a private right of action against the Defendants" notwithstanding the OGTCA, and that Defendants' actions violated his inherent rights, due process rights, the prohibition on cruel and unusual punishment, and the prohibition against unreasonable searches and seizures. *See* Docket No. 3, Ex. 2, "Petition," pp. 9-10, ¶¶ 40-41.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555, 556, 557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in

h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). Here, Plaintiff asserted no facts in support of his claim under *Bosh*, instead declaring that the Defendants' actions violated his rights under the Constitution without discussing how each of the ten named Defendants did so. The Petition is therefore devoid of factual allegations detailing how the State of Oklahoma and the Oklahoma Department of Corrections, specifically, are liable under his *Bosh* claim. The undersigned Magistrate Judge therefore finds that the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Plaintiff's conclusory allegations are thus insufficient to "[nudge his] claims . . . across the line from conceivable to plausible[,]" *Iqbal*, 129 S. Ct. at 1951 [citation and internal quotations omitted], and his *Bosh* claim should therefore be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Furthermore, the undersigned Magistrate Judge agrees with other federal courts that have been reluctant, without clear guidance, to expand the provisions in *Bosh* further than it application to claims of excessive force. *See, e. g., Snow v. Board of County Commissioners of the County of McClain*, 2014 WL 7335319, at *3 (W.D. Okla. Dec. 19,

2014) ("The court recognizes that some courts have suggested Oklahoma may not limit the *Bosh* rationale to excessive force claims. However, consistent with the reluctance of federal courts to expand state law without clear guidance and for the reasons previously stated by this court, the court declines to assume such an expansion of state law."). The undersigned Magistrate Judge therefore finds that even if Plaintiff's complaint contained sufficient factual allegations, his claim under *Bosh* against the State Defendants must fail.

### C. Conclusion

In summary, the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that the Defendants' State of Oklahoma and Oklahoma Department of Corrections' Motion to Dismiss and Brief in Support [Docket No. 8] be GRANTED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 25th day of August, 2015.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma