# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES C. PAYNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF OKLAHOMA, )<br>OKLAHOMA DEPARTMENT OF )<br>CORRECTIONS, PITTSBURG )<br>COUNTY JAIL, PITTSBURG )<br>COUNTY SHERIFF'S DEPARTMENT,)<br>GENE ROGERS, KEVIN SMITH, )<br>RONNIE YOUNG, JOEL KERNS, )<br>and MISSY ELDRIDGE, )<br>)<br>Defendants. ) | Case No. CIV-15-10-JHP |

## REPORT AND RECOMMENDATION

The Plaintiff James C. Payne brought suit against, *inter alia,* the Defendants Pittsburg County Jail, Pittsburg County Sheriff's Department, Sheriff Joel Kerns, Pittsburg County Commissioners Gene Rogers and Kevin Smith, and Pittsburg County Jail Administrator Missi Eldridge ("the County Defendants")[1] alleging violations of 42 U.S.C. § 1983 and his First Amendment rights, as well as violations of the Oklahoma Constitution and the Oklahoma Governmental Tort Claims Act, and alleging he was incarcerated three months past his official release date. The County Defendants have filed a Motion to Enforce Settlement Agreement, or, in the alternative, Motion to Dismiss

---

[1] The undersigned Magistrate Judge notes that an additional Defendant, Ronnie Young, is listed on the Court's docket as a Pittsburg County Commissioner but has not entered an appearance and is not a party to this motion.

and Brief in Support [Docket No. 9]. More specifically, the County Defendants are requesting that this Court enforce a settlement agreement reached in a previous case before this Court, CIV-12-407-JHP, *Payne v. Department of Corrections*, containing terms that would require dismissal in the present case. The Court referred the motion for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), and the undersigned recommends DENYING the County Defendants' Motion to Enforce Settlement Agreement, or, in the alternative, Motion to Dismiss and Brief in Support [Docket No. 9].

### A. Factual Summary

On September 6, 2012, Plaintiff sued a number of Defendants in the District Court of Pittsburg County, Case No. CJ-2012-233, including *inter alia*, the Pittsburg County Jail, Pittsburg County Sheriff's Department, Sheriff Joel Kerns, Pittsburg County Commissioners Gene Rogers and Kevin Smith, and Pittsburg County Jail Administrator Missi Eldridge, pursuant to 42 U.S.C. § 1983 and the Oklahoma Governmental Tort Claims Act. In that state court Petition, the Plaintiff alleged facts related to his incarceration, specifically that it lasted three months past his release date. The County Defendants removed the case to this Court in Case No. CIV-12-407-JHP. Another Defendant, the Oklahoma Department of Corrections was granted dismissal, and the remaining parties, including the County Defendants, settled following a settlement conference held on July 12, 2014 before United States Magistrate Judge Steven P. Shreder, the undersigned. Pursuant to the announcement of settlement, Chief District Judge James H. Payne entered an Administrative Closing Order on July 15, 2014, ordering that the claims be dismissed without prejudice pursuant to Fed. R. Civ. P.

41(a)(2). *See* Case No. CIV-12-407-JHP, Docket No. 78. The following day, Plaintiff filed an unopposed Motion to Dismiss without prejudice, which the Court granted. *See* Case No. CIV-12-407-JHP, Docket Nos. 79, 80.[2]

The Plaintiff then filed the present case in state court in Pittsburg County, CJ-2014-73, alleging nearly identical claims of alleged violations of 42 U.S.C. § 1983 and the Oklahoma Governmental Tort Claims Act, and adding an additional claim under *Bosh v. Cherokee County Building Authority*, 2013 OK 9, 305 P.3d 994. The County Defendants again removed the case to this Court, and have now filed a Motion to Enforce the settlement agreement reached in the previous case, or alternatively, to Dismiss the case in its entirety as violative of the previously-reached settlement agreement. The Court referred this motion to the undersigned Magistrate Judge, and it came on for hearing on June 4, 2015. At the time of hearing, counsel for Plaintiff, J. Derek Ingle, failed to appear, and upon being contacted by the undersigned's Chambers, informed the undersigned Magistrate Judge that he would not be in attendance and had no additional evidence to present regarding this motion.[3]

---

[2] *See Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."), *abrogated on other grounds by McGregor v. Gibson*, 248 F.2d 946 (10th Cir. 2001).

[3] In light of Plaintiff's counsel's failure to appear at the designated time and place for the hearing on this motion, the undersigned Magistrate Judge notes that he could be eligible for sanctions, up to and including a recommendation for dismissal of all claims, which would operate as an adjudication on the merits. *See, e. g.*, 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); Fed. R. Civ. P. 11. However, the undersigned Magistrate Judge declines to impose any sanctions at this time and has instead issued the present Report and Recommendation based on the merits.

B. Analysis

As an initial matter, the undersigned Magistrate Judge finds that the present case is an inappropriate vehicle for the County Defendants' Motion to Enforce Settlement Agreement, because the settlement at issue was reached in another case, CIV-12-407-JHP, and not this case. A district court may only enforce a settlement agreement in a case where the litigation is still pending before it. *See United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993) ("A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."). "The [Supreme] Court held that, once the parties to a lawsuit have settled and the district court has dismissed the case, the district court does not have ancillary jurisdiction to enforce the parties' settlement agreement. A district court can, however, retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates the settlement agreement." *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-382 (1994). The undersigned Magistrate Judge further declines to make a finding as to whether the District Court retained jurisdiction over the settlement agreement in the previous case as that question has not been properly presented. *But see Ibarra v. City of Tahlequah*, 2013 WL 4501477, at *2 (E.D. Okla. Aug. 22, 2013) (slip op.) (where identical Administrative Closing Order was at issue, "[t]he Administrative Closing Order in this case does not show an intent to retain jurisdiction for purposes of enforcing the settlement agreement following the entry of final judgment."). While a number of avenues *may* be available to the County Defendants for enforcement of the

settlement agreement itself in the previously filed case,[4] *i. e.*, a Rule 60(b) motion and subsequent Motion to Enforce in the previous case, or a breach of contract action in state court, *see, e. g., Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999) ("A party to a settlement agreement may seek to enforce the agreement's terms when the other party reneges. If, at the time of the claimed breach, the court case already has been dismissed, the aggrieved party may bring an independent action for breach of contract."), *citing Kokkonen*, 511 U.S. at 381-382, those avenues are not available in this case.

The County Defendants have asked for the alternative relief of dismissal in this case, also based on the settlement agreement reached in the previous case. However, dismissal based on the settlement agreement in the previous case would require consideration of evidence outside the pleadings, and the undersigned Magistrate Judge recommends that the Court decline to consider this evidence at this early stage since neither of the parties has urged the Court to convert the pending motion into one for summary judgment. *See Geer v. Cox*, 242 F. Supp. 2d 1009, 1015-1016 (D. Kan. 2003) ("Courts have broad discretion in determining whether or not to accept materials beyond

---

[4] The County Defendants also may be eligible for relief under Fed. R. Civ. P. 41(d).
> Rule 41(d) of the Federal Rules of Civil Procedure provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." To obtain an award of fees and costs, "the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation."

*Warnick v. Dish Network LLC*, 2013 WL 1151884, at *6 (D. Colo. Mar. 19, 2013), *quoting Siepel v. Bank of America, N.A.*, 239 F.R.D. 558, 563 (E.D.Mo. 2006).

the pleadings. . . . None of the parties contend that the Court should convert the motion into one for summary judgment, and the Court therefore refuses to consider matters outside of the pleadings submitted by plaintiff at this time."). Although the existence of a previous settlement agreement may be an appropriate affirmative defense or, as discussed above, the proper subject of a motion for summary judgment, the undersigned Magistrate Judge therefore recommends that the Court deny the County Defendants' alternative request for dismissal at this stage.

### C. Conclusion

In summary, the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that Defendants' Motion to Enforce Settlement Agreement, or, in the Alternative, Motion to Dismiss and Brief in Support [Docket No. 9] be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 25th day of August, 2015.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma